### STATE *v.* BECKMAN.

A stake and stones, set up by a committee appointed by the probate court to make partition of land between tenants in common, do not constitute a boundary of lands within the proviso of Gen. St., c. 260, s. 1, until the report of the committee is accepted and judgment rendered thereon.

COMPLAINT, for the removal of a boundary. The defendant removed a stake and stones placed by a committee appointed by the probate court to make partition of land owned in common by the defendant and W. B.  The removal of the stake and stones was before the return and acceptance of the committee's report.

*Towle,* for the complainant.

*Marston & Eastman,* for the respondent.

CLARK, J.  Gen. St., c. 263, s. 1, upon which this complaint is founded, provides,—"If any person shall wilfully and maliciously remove or alter any boundary of lands, or deface, alter, or remove any mark upon any tree or other monument made for the purpose of designating any point, course, or line in the boundary of any lot or tract of land, or dividing line between towns, such person shall be fined * * * "  We think the fair construction of this statute is, that it applies to boundaries, marks, and monuments between adjoining landowners only, and such as are intended to mark the lines between different owners.  The stake and stones, which the respondent is

charged in this complaint with having removed on the 19th of August, 1877, was not such a boundary. Proceedings for partition had been commenced, and the committee appointed to make partition had performed their duty, but the complainant and respondent were still tenants in common of the land, and so remained until August 22, 1877, when the partition was completed, and the title passed to each in severalty, by virtue of the acceptance of the report by the judge of probate, and his order for judgment thereon. Therefore the stake and stones removed by the respondent on the 19th of August were not a " boundary of lands," within the meaning of the statute.

*Case discharged.*